IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bala Bangles, Inc., | ) |
|             Plaintiff, | ) Case No.: 1:21-cv-05051 |
| v. | ) Judge John Robert Blakey |
| The Entities and Individuals Identified in Annex A, | ) |
|             Defendants. | ) |

**Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)**

**NOW COMES** certain Defendants Alevi, et al., identified in **Exhibit A** by name and Wish Store ID (hereinafter "Defendant"), by and through its undersigned counsel, and hereby moves this Court to dismiss Plaintiff's Complaint against Defendant under Rule 12(b)(2) for lack of personal jurisdiction.

**I. Introduction**

Plaintiff does not show that the Defendants' e-commerce stores were any more accessible in Illinois than anywhere else in the world. Plaintiff does not show that any Illinois residents, other than perhaps Plaintiff's counsel and/or investigators, actually accessed the Defendants' storefronts. Plaintiff does not show any injury occurring in Illinois or that any Defendant took any action with respect to Illinois in particular. Plaintiff does not show that any of the Defendants specifically agreed to ship to Illinois or that they otherwise reached out to, or expressly aimed their activities at, this state or its residents. Quite simply, Plaintiff fails to show that any Defendant had any voluntary contacts with the State of Illinois, yet Plaintiff seeks to drag all 266 Defendants into this district here solely because of their webpages. This Court has been here before and while other defendants in the case may be differently situated, personal jurisdiction over the Exhibit A Defendants would not be proper.

## II. Procedural Background

On September 23, 2021, Plaintiff filed its Complaint against individuals and entities that operated domain names and online storefronts asserting trademark infringement, copyright infringement, false designation of origin, and design patent infringement [Dkt. 1]. Also on September 23, 2021, Plaintiff filed an *ex parte* Motion for a Temporary Restraining Order which the Court granted on September 28, 2021. [Dkt. 10, 21]. On October 22, 2021, Plaintiff filed its Motion for Entry of a Preliminary Injunction, which this Court ultimately granted on November 17, 2021. [Dkt. 29, 43].

Plaintiff asserts in its Complaint that "each Defendant specifically targets residents in this judicial district by offering to sell and, upon information and belief, shipping infringing and/or counterfeit products to residents within the Northern District of Illinois." [Dkt. 1 at ¶ 4]. This representation to the Court is grossly exaggerated and materially misrepresents the actual facts of the Defendants' actions. Defendants never used Plaintiff's trademarks or copyrights in selling the accused products anywhere. Declaration of Wei Shen, ¶ 8 ("Shen Declaration"). In fact, collectively, the 266 Defendant stores sold zero (0) units of the allegedly-infringing product into the United States, including this judicial district. Shen Decl. ¶ 5, 7. Plaintiff's assertion that "each Defendant specifically targets residents in this judicial district" is legibly false. [Dkt. 1 at ¶ 4]. Defendants did not purposefully avail themselves to the jurisdiction of the state of Illinois or this Court's judicial district. Accordingly, Defendants respectfully requests that this Court dismiss the Plaintiff's Complaint against them under Rule 12(b)(2) for lack of personal jurisdiction.

## III. Argument

### a. This Court lacks personal jurisdiction over the Defendants.

Plaintiff has the burden of establishing personal jurisdiction. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). This Court may exercise personal jurisdiction over a non-resident

defendant only if the Illinois long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with the requirements of the Fourteenth Amendment's Due Process Clause. Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010). In the Seventh Circuit, the state statutory and federal constitutional analyses merge. Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule A, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

Constitutional due process requires that this Court determine whether a defendant has sufficient minimum contacts with Illinois such that the maintenance of this action "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). It is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it reasonably anticipate being haled into court there." Mobile Anesthesiologists Chicago, citing, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Personal jurisdiction may be general or specific. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003). Plaintiff has not factually alleged any contacts - and none exist - necessary for this Court to exercise either general or specific personal jurisdiction over the Defendants. Accordingly, this Court should dismiss the Plaintiff's Complaint with respect to the Defendants under Rule 12(b)(2) for lack of personal jurisdiction. Matlin v. Spin Master Corp., 921 F.3d 701, 707 (7th Cir. 2019) (upholding a dismissal under Rule 12(b)(2) where the defendant's alleged conduct/practices never specifically targeted the state of Illinois or the judicial district).

### i. Defendants are not subject to general jurisdiction in Illinois.

General jurisdiction requires a foreign corporation defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). General jurisdiction

over the Defendant will exist only where their affiliation with Illinois is "so constant and pervasive as to render it essentially at home" here. This is a fairly high standard requiring a great amount of contacts. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999) (declining general jurisdiction over individual defendants who, in their affidavit, stated among other things: (i) they had never lived in Illinois; (ii) they have never done business in Illinois; (iii) they had never had an office in Illinois; (iv) they had never owned property in Illinois; (v) they had never been liable for taxes in Illinois; and (vi) they had never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel defendant). Applying these factors here, general jurisdiction is manifestly lacking. Defendants are operated exclusively within Peoples' Republic of China. Shen Decl. ¶ 4; See, Kipp v. Ski Enter. Corp. of Wisc., 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction). Defendants have never owned, leased, or utilized an office in Illinois. Id. Defendants never advertised, held telephone listings, or maintained bank accounts in Illinois, nor has Defendants had any agents, employees, or contractors in Illinois. Id. Plaintiff also does not allege any facts establishing any pervasive or otherwise constant affiliation with Illinois. Accordingly, this Court does not have general personal jurisdiction over the Defendants.

      **ii. Defendants are not subject to this Court's specific personal jurisdiction.**

This Court also does not have specific personal jurisdiction over the Defendants, which generally requires that "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." Felland v. Clifton, 682 F.3d 665, 674 (7th Cir. 2012); Guaranteed Rate, Inc. v. Conn, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017). Only after a court determines that a defendant has sufficient

"minimum contacts" with the forum State will the Court look to whether subjecting the defendant to the court's personal jurisdiction nevertheless "offends traditional notions of fair play and substantial justice." N. Grain Mktg., LLC v. Greving, 743 F.3d 487, 496 (7th Cir. 2014), *citing*, Int'l Shoe, 326 U.S. at 316 (internal quotes omitted).

There is no special jurisdictional test in the Seventh Circuit for internet-based cases like the instant case. *See*, Curry v. Rev. Labs., LLC, 949 F.3d 385, 398 (7th Cir. 2020). However, there is no specific jurisdiction where Defendant's contacts with the forum state are "entirely fortuitous." Adv. Tactical Ordnance Sys., 751 F.3d 802 (answering "no" to the question "has [defendant] purposefully exploited the [Indiana] market" beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there?"); *See*, Rubik's Brand, LLC v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A", No. 1:20-cv-05338, Dkt. 73 (N.D. Ill. March 4, 2021) (J. Tharp, Jr.); *Cf.*, Illinois v. Hemi Group, 622 F.3d 754, 758 (7th Cir. 2010) (holding personal jurisdiction over the defendant justified where, in addition to the defendant operating an interactive website, the defendant sold 300 packs of heavily-regulated cigarettes to an Illinois resident and demonstrated its ability to exclude sales to certain states other than Illinois).

> 1. *Defendants have not purposefully directed their allegedly-infringing activities at Illinois or thereby purposefully availed themselves of the privilege of conducting business in Illinois.*

To establish specific personal jurisdiction, Plaintiff alleges that Defendants offered infringing Bala goods and products for sale on e-commerce platforms and that Defendants "conduct business in the United States, including Illinois." [Dkt. 1 at ¶¶ 4, 30]. Plaintiff's characterization of Defendants alleged activities are grossly exaggerated, if not false. In reality, none of the Defendants sold a single accused product into the USA or to any resident of the state of Illinois. vShen Decl. ¶ 5. These facts fall far short of: (i) demonstrating that Defendant "availed itself of the privilege of

conducting business in Illinois"; or (ii) how Defendant's unadvertised online ecommerce storefronts are "purposefully directed" at Illinois. The requirement that Plaintiff satisfy these jurisdiction standards is to prevent the Defendant - or any defendant - from being haled into a jurisdiction based solely on activities that are random, fortuitous, or attenuated. Cram v. Med. Coll. of Wisconsin, 927 F. Supp. 316, 320 (E.D. Wis. 1996), *citing*, Burger King, 471 U.S. at 475; *See*, Lakeside Bridge & Steel Co. v. Mountain State Const. Co., 597 F.2d 596, 604 (7th Cir. 1979) (noting that the mere use of the interstate telephone and mail service to communicate with a Wisconsin plaintiff, if constituting contacts supporting jurisdiction, would give jurisdiction to any state into which communications were directed).

"If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011) (evidence that 20 Illinois residents had opened accounts on the defendant's interactive website inadequate to support personal jurisdiction); *See also*, Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 393 (4th Cir. 2003); Imageline, Inc. v. Fotolia LLC, 663 F. Supp. 2d 1367, 1377-78 (N.D. Ga. 2009) (declining personal jurisdiction where the low "level of commercial activity" between foreign defendant and residents of the forum state indicated that the foreign defendant had not "purposefully availed" itself of the privileges and benefits of doing business in that state); Ariel Invs., LLC v. Ariel Capital Advisors LLC, 881 F.3d 520, 521 (7th Cir. 2018) (distinguishing a defendant "closing [its] eyes to the effects of [its] decisions from "aim[ing] at" any particular person or state); Sun Chenyan v. The P'Ships, et al., 20-cv-00221 Dkt. 158, p. 11 (N.D. Ill. May 6, 2021) (J. Kendall) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); General Tools & Instruments LLC v. The

P'Ships, et al., No. 20-cv-1036 Dkt. 167 p. 6 (N.D. Ill. May 17, 2021) (J. Alonso) (vacating default judgment, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois."); Rubiks Brand (granting motion to dismiss for lack of personal jurisdiction, noting "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly"); *See*, MSM Design and Eng'g LLC v. The P'Ships, et al., No. 20-cv-00121 Dkt. 122 (N.D. Ill. July 28, 2021); Conti-Bros, Inc. v. The P'Ships, et al., No. 21-cv-02352 Dkt. 51 (N.D. Ill. Aug. 13, 2021) (J. Feinerman); *see also*, Ouyenic Ltd. v. ALUCKY et al., No. 20-cv-03490 Dkt. 134 (N.D. Ill. May 14, 2021) (J. Gettleman) (vacating default judgment and dismissing defendants whose single sale into Illinois was to Plaintiff's investigator).

    Rubik's Brand is very analogous and instructive to the instant case. In Rubik's Brand, a mechanically-identical case, this Court determined in a case that it did not have personal jurisdiction where the defendant averred it made no sale to Illinois residents (or anyone else) and Plaintiff sole basis was a screenshot of not even a sale, but "at most…the possibility that a sale could be made in Illinois." Id., p. 7. *See also*, Matlin, 921 F.3d at 706 (personal jurisdiction lacking where, despite a sale of infringing patented product being made to Illinois resident, the sale was "a single incident conjured up by the plaintiff's attorney for the exclusive purpose of establishing jurisdiction over the defendants."). Worse, Plaintiff's investigator didn't even bother to put the allegedly-infringing items into a "shopping cart" with the express intent to ship to an address within this forum. [Dkts. 17-1 - 17-6]. Plaintiff cannot support the necessary contention that any of the Defendants "directed" anything to Illinois, much less engaged in sufficient (*e.g.*, more than miniscule sales) activity to warrant this Court's specific personal jurisdiction. be2 LLC, 642 F.3d at 559. With zero actual sales

to any residents of the state of Illinois, Plaintiff has failed to articulate how any of the Defendants have purposefully availed themself to the jurisdiction of the state of Illinois.

> 2. *Plaintiff's alleged injury does not arise out of Defendants' activities in Illinois.*

Plaintiff does not substantively allege that the Defendants acted at or in Illinois, and similarly cannot show that any damage Plaintiff may have endured was derived from the Defendants' acts in Illinois. A court's specific personal jurisdiction is evaluated by reference to the particular conduct underlying the claims made in the lawsuit. N. Grain Mktg., 743 F.3d at 494, *citing*, Tamburo; *See*, Adv. Tactical Ordnance Sys., 751 F.3d at 802 (where alleged trademark infringer's knowledge that trademark holder was an Indiana company, making it foreseeable that its allegedly misleading emails and sales would harm trademark holder in Indiana, did not establish minimum contacts necessary to subject it to personal jurisdiction in Indiana consistent with due process in trademark infringement action); Shrum v. Big Lots Stores, Inc., 2014 WL 6888446, at *4 (C.D. Ill. Dec. 8, 2014) (Only a defendant's contacts which "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant, and none exist in the present case.); *C.f.*, John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399, 404 (7th Cir. 1987) (holding a non-resident defendant was subject to the lower court's personal jurisdictional where trademark infringement claims stemmed from non-resident defendant executed contract with resident defendant to produce allegedly-infringing products); *C.f.*, Lunatrex, LLC v. Cafasso, 674 F. Supp. 2d 1060, 1070 (S.D. Ind. 2009) (holding non-resident defendant was subject to the court's specific personal jurisdiction in trademark infringement action where non-resident defendant had traveled several times to Indiana in connection with venture, had entered into an informal but long-term relationship with Indiana persons and entities who also were part of venture, and trademark and other claims had arisen directly out of those contacts between those parties).

Plaintiff does not allege that any of its "injuries" are related to the Defendants' Illinois-specific actions. Plaintiff alleges that Defendants specifically target residents in this judicial district by "shipping infringing and/or counterfeit products to residents within the Northern District of Illinois" [Dkt. 1 at ¶ 4]. However, Plaintiff's assertion as to the Defendants is false and its belief patently mistaken: none of the Defendants have sold the allegedly-infringing Bala product(s), into Illinois. Shen Decl. ¶ 5. Moreover, the Defendant has not taken any action to <u>specifically target</u> (e.g., advertise) sales to Illinois consumers. Shen Decl. ¶ 4. At most, the Defendants operated online stores that were potentially accessible from Illinois. This level of accessibility is no different than in any other forum where a resident has internet access, and is insufficient to give rise to personal jurisdiction. <u>Matlin</u> 921 F.3d at 706 ("[H]aving an 'interactive website' should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website it accessible."), *quoting*, <u>Advanced Tactical Ordinance</u>, 751 F.3d at 803. Plaintiff does not, and cannot, allege that its "injuries" are the result of a purchase transaction whereby allegedly-infringing product might *possibly* have been sent to an address in Illinois. <u>Rubik's Brand</u>, at Dkt. 73; *see also,* <u>Mold-A-Rama Inc. v. Collector-Concierge-Int'l</u>, 451 F. Supp. 3d 881, 890 (N.D. Ill. 2020) (J. Wood) (noting that "an attempt to sell [defendant's products] at a trade show without an actual sale would still be insufficient to subject [defendant] to personal jurisdiction in Illinois). It is not enough that some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit [] product" at some later date. <u>Rubik's Brand</u>, at Dkt. 73. Accordingly, Plaintiff cannot show that any damage they may have endured was derived from any of the Defendants' acts in Illinois.

      3. *This Court's exercise of personal jurisdiction over Defendants does not comport with fair play and substantial justice.*

In addition to failing to show that the Defendants purposefully directed their activities at Illinois or purposefully availed itself of the privilege of doing business in Illinois, or that Plaintiff's

"injuries" arose from Defendant's contacts within Illinois, Plaintiff cannot show how subjecting the Defendants to this Court's personal jurisdiction comported with fair play and substantial justice. In making this determination, the Court will consider: (i) the burden of a defendant of having to litigate in the forum; (ii) the interests of the forum; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd., 26550480, at *7 (W.D. Wis. Dec. 21, 2017); Felland, 682 F.3d at 677. While none of these factors is dispositive, the most important factors to consider are: (i) the interests of the states involved and (i) the relative convenience of litigating in that forum. Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 113 (1987). This "analysis does not provide crisp, bright lines for district courts and litigants," but generally the relationship among the defendant, the forum, and the litigation should be close enough to not offend due process. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 433 (7th Cir. 2010); *C.f.*, Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., 792 F. Supp. 1566, 1581 (S.D. Fla. 1992) (exercise of personal jurisdiction would not violate the traditional notions of "fair play and substantial justice" where the quality and nature of the asserted interstate transactions were not "random, fortuitous, or attenuated"); *C.f.*, uBID, 623 F.3d at 432 ("[A] finding that GoDaddy is not subject to personal jurisdiction in a forum it has so thoroughly exploited would create significant barriers to effective relief for similarly situated plaintiffs with more limited resources.").

In the present case, Defendants would be significantly burdened with having to litigate the merits of the case in Chicago, Illinois. Defendants are based in China and conduct their business in China, several thousand miles away. Shen Decl. ¶ 4. Defendants have no office, employees, or agents in Illinois, and the Defendants would face considerable additional expenditures by having to remotely manage local counsel, conduct discovery, and proceed through trial. Id. Further, Illinois'

interest in adjudicating the dispute tips against exercising personal jurisdiction. Plaintiff's claims are primarily based in federal law - patent infringement, trademark infringement, and copyright infringement. [Dkt. 1 at ¶ 39-67]. Still further, Plaintiff is a Limited company organized and existing under the law of the state of Delaware and having its principal place of business in the California. [Dkt. 1 at ¶ 6]. Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy as so little - if anything - happened here: evidence supporting Plaintiff's claims would theoretically come from individuals with no ties to Illinois and/or from records of a company located on the other side of the Pacific Ocean and oceanic coasts of the continental United States. Shen Decl. ¶ 4. The only things present in Illinois are Plaintiff's lawyers, and a defendant is not subject to jurisdiction solely because the plaintiff allegedly suffered injury in the forum state. MG Design Assocs., Corp. v. CoStar Realty Info., Inc., 267 F. Supp. 3d 1000, 1016 (N.D. Ill. 2017). Defendants are Chinese proprietors and the nations' shared interest is "best served by…an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi, 480 U.S. at 115.

On review, no factor tips in favor of exercising personal jurisdiction. All factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over the Defendant would offend traditional notions of fair play and substantial justice. Lexington, 2017 WL 6550480, at *8; Felland, 682 F.3d at 677. Given this Court lacks personal jurisdiction over the Defendants the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and any and all injunctive relief entered against the Defendants should be dissolved.

**IV. Conclusion**

Defendants respectfully request this Court issue an ultimate finding that this Court lacks sufficient personal jurisdiction over them and properly order that Plaintiff's Complaint against them be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

Dated this January 28, 2022

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com

*Counsel for Defendants*